`UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| KOGER, INC.,<br><br>              Plaintiff,<br><br>     v.<br><br>JAMES O'DONNELL AND<br>HWM FINANCIAL SOLUTIONS, LTD.<br><br>              Defendant | Civil Action No. 07-3091 (KSH)<br><br>**OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

        Plaintiff Koger, Inc. ("plaintiff") filed objections to Magistrate Judge Shwartz's report and recommendation ("R & R") that this Court should dismiss the case against defendants James O'Donnell ("O'Donnell") and HWM Financial Solutions, Ltd. ("HWM") (collectively "defendants") based upon the doctrine of forum non conveniens.  For the reasons set forth below, the Court adopts Judge Shwartz's Report and Recommendation.

## RELEVANT FACTS AND PROCEDURAL HISTORY

        Plaintiff is a New Jersey corporation with its headquarters in Paramus, New Jersey.  (Sipko Cert. ¶ 2.)  It designs "back-office software for fund administrators, fund managers, and fund advisors."  (Id.)  O'Donnell, an Ireland resident, worked for Koger for over 8 years as head of the Dublin office.  (Sipko Cert. ¶ 3.)  On April 1, 2004 O'Donnell signed an employment agreement with Koger (Dublin), a subsidiary of plaintiff.  The employment agreement ("agreement") included a confidentiality clause.  (Sipko Cert., Ex. A. § 4.)  The agreement also included an Irish choice of law clause and a non-exclusive forum selection clause stating "the parties hereto submit to the non-

exclusive jurisdiction of the Irish courts." (Id. § 11.3.)  In 2006 O'Donnell resigned from Koger and became an organizer and director of HWM Financial Solutions, Ltd. ("HWM").  (R. at 4:9-14.)[1] Plaintiff alleges that O'Donnell was involved in forming HWM during his employment with Koger and in violation of his employment agreement. (R. at 4:15-18.)  In addition, plaintiff also claims that 10 Koger employees joined HWM, HWM solicited Koger's clients, and HWM is providing its clients with Koger's proprietary information.  (Sipko Cert. ¶¶ 27-31.)

Plaintiff brought suit in Superior Court in Bergen County alleging misappropriation of confidential information, breach of contract, and tortious interference with economic advantage. (Docket entry # 1.2.)  Defendants then removed the case to federal court.  (Docket entry # 1.)  On August 24, 2007 defendants filed a motion to dismiss based on forum non conveniens, lack of service, lack of personal jurisdiction, and failure to state a claim.  (Docket entry #18.)  Magistrate Judge Shwartz issued her R & R on October 1, 2007.  (Docket entry # 26.)  She recommended that the motion be granted based upon the doctrine of forum non conveniens.  (Id.) Judge Shwartz also found there was personal jurisdiction over O'Donnell but not HWM.  (Id.)  She declined to rule on the motion to dismiss on grounds it was moot. (Id.)

While that motion was pending, on September 14, 2007, plaintiff filed a motion for preliminary injunction (Docket entry # 23) to prevent defendants from soliciting Koger employees, using confidential information, disclosing business secrets, and marketing certain computer software.  This Court agreed to stay briefing on the preliminary injunction issue until November 7, 2007 to allow the Court an opportunity to review any objections to Judge Shwartz's report.

Plaintiff filed timely objections on October 10, 2007.  (Docket entry #34.)  Defendants also filed "corrected" conditional objections on October 12, 2007.

_____

[1] R. refers to citations to Magistrate Judge Shwartz's oral opinion of October 1, 2007.

## STANDARD

A party may make objections to a Magistrate Judge's report and recommendation within 10 days under Local Civil Rule 72.1(c)(2).  The district court "shall make a de novo determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."   L. Civ. R. 72.1(c)(2); see e.g. United States v. Lightman, 988 F. Supp. 448, 457 (D.N.J. 1997) ("With respect to dispositive motions, the district court must make a de novo determination of those portions of the magistrate's Report to which a litigant has filed an objection."); Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397, 401 (D.N.J. 1990) ("the standard of review . . . is de novo consideration of all portions of the report to which the parties object").  The court "may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L. Civ. R. 72.1(c)(2).

## DISCUSSION

Plaintiff objects to Judge Shwartz's recommendation to dismiss the case based on forum non conveniens.  That doctrine allows a district court to decline to hear a certain action "when it appear[s] that the convenience of the parties and the interests of justice would be better served if another court heard the action." Windt v. Qwest Communs. Int'l, Inc., 2006 U.S. Dist. LEXIS 75335, *8 (D.N.J. Oct. 17, 2006).  Courts in this district have noted that forum non conveniens should be "sparingly applied."  See, e.g., Miller v. Boston Sci. Corp., 380 F. Supp. 2d 443, 447 (D.N.J. 2005).  In determining whether to dismiss a case based upon forum non conveniens, the court must address (1) the availability of an adequate alternate forum; (2) the degree of deference to be accorded to the plaintiff's choice of forum; and (3) the balance of private and public interest factors with the degree of deference accorded the plaintiff's choice of forum.  See Tech. Dev. Co. v. Onischenko, 174 Fed. Appx. 117, 120 (3d Cir. 2006).  "The defendant bears the burden of persuasion as to all elements of

3

the forum non conveniens analysis." <u>Lacey v. Cessna Aircraft Co.</u>, 932 F.2d 170, 180 (3d Cir. 1991) (internal citations omitted).  The defendant must not only establish that there is an adequate alternative forum, but also that "the private and public interest factors weigh heavily in favor of dismissal." <u>Id.</u>  The Court will examine the record to determine if there is a sufficient basis to find that the balance of private and public factors outweighs the plaintiff's choice of forum and that the case should be dismissed because there is adequate alternative forum.

The plaintiff makes two objections to the R & R on the issue of forum non conveniens. Plaintiff argues that Judge Shwartz did not afford the proper degree of deference to its choice of forum.  Because of that, plaintiff argues  error in balancing the public and private interest factors against the plaintiff's forum choice.  Each of these objections will be discussed below.  Since this Court is reviewing the decision de novo, it will also examine the first part of the test not objected to by the plaintiff, namely whether there is an adequate alternative forum.

A.   Adequate Alternative Forum

Dismissal based on forum non conveniens is only appropriate if there is an adequate alternative forum.  <u>Windt</u>, 2006 U.S. Dist. LEXIS 75335 at *15.  A forum is an adequate alternative if (1) the defendant is amendable to process in the alternate forum; and (2) there is a cause of action in the alternative forum to allow the plaintiff to redress his injury.  <u>Id.</u>  Here, defendants argue that Ireland is an adequate alternative forum.  O'Donnell is amenable to process in Ireland because he is a resident of Dublin, Ireland.  (O'Donnell Cert. ¶ 2.)  HWM is incorporated under the laws of Ireland with its principal place of business in Dublin.  (O'Donnell Cert. ¶ 3.)  As a result, both parties would be subject to process in Ireland because they are residents of the country.  Additionally, plaintiff will have adequate redress in an Irish court.  The agreement states that Irish law will apply.  (Sipko Cert. Ex. A § 11.3.)  An Irish court applying Irish law will afford the same causes of actions and

remedies as a New Jersey court applying Irish law.  As a result, Ireland meets the requirements for an adequate alternative forum.

B.   Plaintiff's Choice of Forum

Plaintiff objects to Judge Shwartz's decision to afford less deference to their choice of forum. Plaintiff argues that, since it brought suit in its home state, its choice of forum should be afforded great deference.  It further argues that she should not have lessened the degree of deference given to its choice because of the non-exclusive forum selection clause in the agreement.

Generally, the plaintiff's choice of forum is given "great deference" by the court.  <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 255 (1981); <u>Windt</u>, 2006 U.S. Dist. LEXIS 75335 at *11.  This is especially true when the plaintiff sues in its home forum.  <u>Koster v. (American) Lumbermens Mut. Casualty Co.</u>, 330 U.S. 518, 525 (1947).  But this presumption is not absolute and may be rebutted by showing that the plaintiff's chosen forum would result in "such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience," or by showing the chosen forum is inappropriate because of the "the court's own administrative and legal problems."  <u>Id.</u>  A plaintiff's decision to sue in its home forum should not be disturbed "unless the balance of factors is strongly in favor of [the defendants]."  <u>Guidi v. Inter-Continental Hotels Corp.</u>, 224 F.3d 142, 146-147 (2d Cir. 2000).

Judge Shwartz accorded plaintiff's choice of forum less deference because although Koger is a New Jersey corporation with a principal place of business in New Jersey, its agreement with O'Donnell designates Ireland as the non-exclusive forum for settling disputes between them.  (Sipko Cert. Ex. A. § 11.3.)  Judge Shwartz noted that courts will afford less deference to plaintiffs who have designated another forum for deciding disputes as part of a contract. (R. at 28:23-29:5.)  In addition, she took into account that Koger does regular business in Ireland and its employees often travel to

5

Ireland to represent the corporation. (R. at 30:25-31:1.)   Under those circumstances, it is reasonable for Koger to expect litigation in Ireland.

The Court has reviewed the Judge Shwartz's findings and agrees with her conclusions. Significantly, plaintiff is not establishing that Judge Shwartz gave <u>no</u> deference to its choice; rather, she gave less than "great deference" for stated reasons.   See <u>Kultur Int'l Films v. Covent Garden Pioneer, FSP.,</u> 860 F. Supp. 1055, 1066 (D.N.J. 1994)(giving no deference to the plaintiff's selection where there was agreement on an exclusive foreign forum selection clause).   Defendants still must prove that the private and public balancing factors outweigh the plaintiff's choice of forum, and the Court must find that the balances are more than merely "tipped" in favor of the defendants.   See <u>Lony v. E. I. Du Pont de Nemours & Co.,</u> 886 F.2d 628, 640 (3d Cir. 1989).

C.   Balancing factors

Plaintiff objects to Judge Shwartz's balancing of the private and public interest factors to conclude that "retaining jurisdiction would oppress the defendants out of all proportion [with] the plaintiff's convenience."   (R. at 39:15-18 (internal quotations omitted).)   A court must balance several public and private factors to determine if the factors weigh in favor of dismissal and outweigh the deference accorded to the plaintiff's choice of forum.   See <u>Piper Aircraft Co.,</u> 454 U.S. at 255.   The private factors include (1) ease of access to evidence; (2) the cost for willing witnesses to attend trial; (3) the availability of compulsory process; and (4)other factors that might shorten trial or make it less expensive.   <u>Windt,</u> 2006 U.S. Dist. LEXIS 75335 at *18.   The public factors include (1) having local disputes settled locally; (2) avoiding problems of applying foreign law; and (3) avoiding burdening jurors with cases that have no impact on their community.   <u>Id.</u>   The inquiry conducted by the court must be detailed and fact-specific, since forum non conveniens remains an exceptional tool to be employed sparingly. See <u>Onischenko,</u> 174 Fed. Appx. at 121.  Dismissal is not

appropriate just because the private and public factors do not favor retaining jurisdiction. Id. at 123. Instead, the defendant must prove that, in the balance of the factors, the choice of forum is "vexatious and oppressive to [defendants] out of all proportion to [plaintiff's] convenience." Piper, 454 U.S. at 241.

Plaintiff argues there was no showing of exceptional circumstances to overcome the deference given to its choice of forum. Plaintiff made objections to Judge Shwartz's conclusions on certain private and public interest factors. With regard to ease of access to evidence, plaintiff noted that many Koger employees and all of its officers and directors are in New Jersey, as well as the relevant records. As to cost of witnesses attending trial, the plaintiff notes that the defendants could take de bene esse depositions of the witnesses in Ireland. On the availability of compulsory process, plaintiff notes that certain employees in Slovakia would not be amenable to process in New Jersey. It also notes that several companies solicited by Koger are subject to process in New Jersey. With regard to other administrative factors plaintiff notes that any judgment could be enforced through the Hague Convention in either country. Finally, plaintiff argues Judge Shwartz improperly used her finding of a lack of personal jurisdiction over HWM as a basis for finding the case should be tried in Ireland. With regard to the public factors, plaintiff argues that the local interest in the case is in New Jersey because O'Donnell traveled to New Jersey quarterly and that the effects of the alleged breach of contract were felt in New Jersey. In addition, there is no evidence shown that this Court could not properly apply Irish law. Plaintiff argues that in balancing these factors, the Court should retain jurisdiction.

In her report, Judge Shwartz balanced both the private and public factors and concluded that the factors outweighed the plaintiff's choice of forum. (R. at 39:12-14.) She first discussed the relevant private factors. She found that ease of proof and availability of compulsory process weighed in favor of the defendants because this Court would be unable to compel the Irish

employees to court here.  (R. at 33:21-34:3.)  She noted the preference for live testimony, the fact that the witnesses could only be compelled to testify through international treaties, and that the employees have relevant information concerning the suit.  (R. at 32:15-33:20.)  She also found that administrative factors and witness costs weigh in favor of the defendants.  Judge Shwartz noted that it would be expensive for defendants to defend the cause of action in New Jersey because they do not conduct business in New Jersey.  (R. at 34:6-20.)  Defending the case would also cause disruption to the defendants' business, which a trial in Ireland would not. (Id.)

Judge Shwartz then examined the public factors.  She noted that the only local effect on New Jersey is the alleged economic effect of defendants' actions on Koger.  (R. at 37:1-14.)  All the parties to the contract reside in Ireland and the culpable conduct allegedly occurred there.  (Id.)  She found no important public policy that would be compromised by having an Irish court hear the case.  (R. at 37:19-22.)  With regards to problems of foreign law, she concluded that since Irish law will apply in this case, that the Irish courts will be more adept at applying Irish law.  Based on these findings the court concluded that both the private and public interest factors weigh in favor of defendants and a New Jersey forum would oppress the defendants in a manner out of proportion to the plaintiff's convenience.  (R. at 35:6-13, 39:11-18.)

Judge Shwartz's inquiry was detailed and fact-specific, and the Court agrees with her finding after balancing the private and public interest factors that the defendants would be oppressed in a manner out of proportion to the plaintiff's convenience by a New Jersey forum.  There would be a tremendous burden and expense upon the defendants to try this case in New Jersey.  In addition, there would be significant problems with obtaining live testimony from some key witnesses, and live testimony is important.  The case has little effect on New Jersey because the contract was formed in Ireland and the conduct causing the breach occurred in Ireland.  An Irish court will also be more familiar with Irish law. After reviewing balancing of the factors, the Court finds that the

8

defendants have met their burden of showing that the balance of the factors outweighs the deference accorded plaintiff's choice of forum.[2]

Since there is an adequate forum and the Court has determined that the balance of factors outweighs the degree of deference accorded to the plaintiff's choice of forum, dismissal based upon forum non conveniens is appropriate.  This Court adopts the R & R of Judge Shwartz and dismisses the case based upon the doctrine of forum non conveniens.  Given this, the Court need not consider plaintiff's objection to Judge Shwartz's finding of a lack of personal jurisdiction for HWM.  Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 127 S. Ct. 1184, 1192 (2007) ("A district court therefore may dispose of an action by a forum non conveniens dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant.")  Because the Court has dismissed the case, the plaintiff's motion for preliminary injunction is dismissed as moot.

## CONCLUSION

The defendants' motion to dismiss (Docket entry # 18) is **granted** based upon the doctrine of forum non conveniens.  In addition, plaintiff's motion for preliminary injunction (Docket entry # 23) will be dismissed as moot.  The clerk is directed to close the case.

Dated:  10/31/07                                          /s/Katharine S. Hayden
                                                          Katharine S. Hayden
                                                          United States District Judge

---

[2] The Court assumed, for purposes of this opinion, that this Court had personal jurisdiction over HWM.  It did not factor in plaintiff's inability to sue HWM in this forum in its analysis.